**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-1740**

JINGZHE CUI,

            Petitioner,

        v.

ERIC H. HOLDER, JR., Attorney General,

            Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  January 7, 2010        Decided:  February 2, 2010

Before NIEMEYER, MICHAEL, and KING, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Benjamin B. Xue, LAW OFFICES OF BENJAMIN B. XUE, P.C., New York, New York, for Petitioner.  Tony West, Assistant Attorney General, Ada Bosque, Senior Litigation Counsel, Paul T. Cygnarowicz, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jingzhe Cui, a native and citizen of the People's Republic of China who is of Korean ethnicity, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order denying his applications for asylum, withholding from removal and withholding under the Convention Against Torture ("CAT"). We deny the petition for review.

The INA authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2006). It defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2006). "Persecution involves the infliction or threat of death, torture, or injury to one's person or freedom, on account of one of the enumerated grounds. . . ." Li v. Gonzales, 405 F.3d 171, 177 (4th Cir. 2005) (internal quotation marks and citations omitted).

An alien "bear[s] the burden of proving eligibility for asylum," Naizgi v. Gonzales, 455 F.3d 484, 486 (4th Cir. 2006) (alteration added); see 8 C.F.R. § 1208.13(a) (2009), and can establish refugee status based on past persecution in his native country on account of a protected ground. 8 C.F.R.

§ 1208.13(b)(1) (2009).  Without regard to past persecution, an alien can establish a well-founded fear of persecution on a protected ground.  Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004).  The well-founded fear standard contains both a subjective and an objective component.  The objective element requires a showing of specific, concrete facts that would lead a reasonable person in like circumstances to fear persecution. Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353 (4th Cir. 2006).  "The subjective component can be met through the presentation of candid, credible, and sincere testimony demonstrating a genuine fear of persecution . . . . The subjective fear [must have] some basis in the reality of the circumstances and be validated with specific, concrete facts . . . and it cannot be mere irrational apprehension."  Li, 405 F.3d at 176 (internal quotation marks and citations omitted). Furthermore, the alien must show that his claim of past persecution or well-founded fear of persecution is based upon a protected ground that "was or will be at least one central reason" for the persecution.  8 U.S.C. § 1158(b)(1)(B)(i) (2006).

A determination regarding eligibility for asylum or withholding of removal is affirmed if supported by substantial evidence on the record considered as a whole.  INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).  Administrative findings of

3

fact, including findings on credibility, are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2006). Legal issues are reviewed de novo, "affording appropriate deference to the BIA's interpretation of the INA and any attendant regulations." Lin v. Mukasey, 517 F.3d 685, 691-92 (4th Cir. 2008). This court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483-84; see Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002).

When the Board agrees with the immigration judge's findings and reasoning and supplements the immigration judge's opinion, this court will review both orders. Niang v. Gonzales, 492 F.3d 505, 511 n.8 (4th Cir. 2007).

We find substantial evidence supports the Board's finding that Cui did not show that his detention and beating or the issuance of a summons for his arrest were due to anything more than the charge that he violated a legitimate Chinese law prohibiting persons from harboring persons who crossed the border to enter the country. There was no evidence he was chosen for detention or prosecution because of a protected ground. We further agree with the Board that the Ninth

4

Circuit's opinion in <u>Li v. Holder</u>, 559 F.3d 1096 (9th Cir. 2009) is clearly distinguishable.

We also find substantial evidence supports the finding that Cui did not show it was more likely than not he will be tortured when he returns to China. <u>See</u> 8 C.F.R. § 1208.16(c)(2) (2009).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>